## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NATHANIEL JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **C.A. NO:** |
| | ) |
| **SUN EAST FEDERAL CREDIT UNION,** | ) |
| | ) |
| | ) |
| **TRANS UNION, LLC,** | ) |
| **a Delaware limited liability corporation,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) **JURY TRIAL** |
| | ) **DEMANDED** |

## COMPLAINT

## I.    PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorneys'
fees brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*.  Sun
East Federal Credit Union willfully reported that Plaintiff was in bankruptcy, when he was not,
and willfully continued to report him as being in bankruptcy even though it admitted that it knew
he had not filed for bankruptcy.  Despite admitting to Plaintiff that the bankruptcy report was
inaccurate, Sun East inexplicably continues to report that Plaintiff is in bankruptcy. These
actions violated (and continue to violate) the FCRA.

2.     Despite the receipt of a proper dispute filed by the Plaintiff, Trans Union
continues to report the inaccurate bankruptcy filing, relying solely on Sun East's inaccurate
reporting and completely ignoring publicly available information which shows that the
information is inaccurate.  This violated, and continues to violate, the FCRA.

3.      Trans Union failed to investigate, properly, Plaintiff's complaints that Sun East was making inaccurate reports of a bankruptcy that did not exist.  This violated the FCRA.

4.      Sun East compounded the injury to Plaintiff by a series of events that sprang from its refusal to correct the inaccurate report, even while admitting the inaccuracy to Plaintiff. Specifically, Sun East summarily closed Plaintiff's original credit card account (because he was inaccurately labeled as being in bankruptcy).  Sun East then transferred the balance on the closed card to a new, open, credit card account with less advantageous terms.  Even though the original credit card balance was transferred to an open credit card, and Plaintiff then continued to pay off the original balance, Sun East reported to credit reporting agencies that the original credit card balance was charged off.   Sun East knew this was false.  This violated the FCRA.

5.      Sun East then compounded the damage done by its improper characterization of the credit card balance as charged off, because it then intentionally issued an incorrect 1099-C to Plaintiff for the original balance (listing the not-really charged off balance as income related to the cancelation of a debt).   In fact the balance was not written off, but was transferred to another Sun East credit card and was being paid by the Plaintiff.  This improperly created potential tax liability for the Plaintiff on the amount of the allegedly cancelled debt.  This was fraud.

6.      Sun East continues to report additional negative information to other consumer reporting agencies related to Plaintiff's account and has refused to correct the information despite actual knowledge of its falsity and inconsistency, both internally and between the various consumer reporting agencies.  This violated the FCRA.

## II.    <u>JURISDICTION AND VENUE</u>

7.     The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p) for the FCRA claims and 28 U.S.C. § 1367 for pendent state law claims related to the issuance of a false IRS 1099 form.

8.     Sun East Federal Credit Union is subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1)-(4).

9.     Trans Union is subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1)-(4).

10.     Venue is proper in this District under 13 U.S.C. § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District.

## III.    <u>PARTIES</u>

11.     Plaintiff Nathaniel Johnson is a natural person and resident of the State of Delaware.  Plaintiff is a "consumer" as defined by § 1681a(c).

12.     Upon information and belief, Sun East Federal Credit Union is a federally chartered credit union regulated by the National Credit Union Administration ("NCUA") and is headquartered in Aston, Pennsylvania, with branch offices in Pennsylvania and Delaware.  Sun East does not have a registered agent for service in Delaware.  Sun East is subject to service of process through the Delaware Secretary of State, Division of Corporations, John G. Townsend Building, 401 Federal Street, Suite 4, Dover, Delaware 19901.

13.     Upon information and belief, Trans Union LLC is a Delaware limited liability corporation with its principal place of business in Chicago, Illinois.  Trans Union is authorized to conduct business in the State of Delaware through its registered agent The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE  19808.

14.     Upon information and belief, Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Trans Union is regularly engaged in the business of assembling evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     Upon information and belief, Sun East is a creditor and is a "furnisher" as governed by the FCRA.

## IV.   FACTS

17.     Plaintiff is a federal employee subject to background screening checks which are required to maintain needed security clearances to keep his employment.  Any derogatory information, such as a report that he has filed for bankruptcy protection or that he has credit problems (like a charged-off credit card, for example), must be reported to his Chief Security Officer ("CSO") and may have a negative impact on his security clearances and, therefore, on his employment.

18.     Plaintiff maintains an exemplary credit report with no derogatory information, outside of the inaccurate derogatory information inaccurately reported by Sun East.

19.     The Plaintiff was a customer of Sun East, holding a checking account and a Platinum Mastercard credit card since about 1998.

20.     As of July 2016, Plaintiff's Platinum Mastercard account had a credit limit of $11,500 and a balance of $4,201.28.

21.     Until July 2016, Plaintiff regularly received his Platinum Mastercard statement and bill at his home in New Castle, Delaware.  Plaintiff had a regular practice of paying his Platinum Mastercard as it came due, based on the billing statement received.

22.     Until July 2016, Plaintiff had a perfect record of paying his Platinum Mastercard on time.

23.     On or about July 2016, without notifying the Plaintiff that this was about to occur, Sun East stopped sending billing statements to Plaintiff.  As a result, Plaintiff did not pay the Platinum Mastercard bill after July 2016.

24.     On or about January 3, 2017, Plaintiff became aware that he had not been receiving his Platinum Mastercard bill from Sun East.  He went to the Sun East branch office in Aston, Pennsylvania, to inquire about the account.

25.     A Sun East employee, told him that the billing had stopped due to the fact that the Plaintiff had filed for bankruptcy protection.

26.     Plaintiff was shocked because he had never filed for bankruptcy protection and explained so to the Sun East employee.

27.     Upon further review, the Sun East employee acknowledged to Plaintiff that he had not filed for bankruptcy protection and that a mistake had been made by Sun East.

28.     Plaintiff checked his credit reports with Trans Union and found that Sun East had made derogatory reports about his account, including reports that he was in Chapter 13 bankruptcy and that his account was involved in a Chapter 13 bankruptcy (the "Sun East Reporting").

29.     While he was driving home from the Sun East branch, a second Sun East employee called Plaintiff and asked him to make a payment on his account, further

acknowledging that the account was not in bankruptcy because it was not subject to the automatic stay of creditors.

30.     On January 7, 2017,  Plaintiff went to the Wilmington, Delaware, branch of Sun East, where he directed Sun East to make a $2,000 payment from his Sun East checking account to his outstanding Mastercard account balance.

31.     At the time he made the payment, Plaintiff asked to meet with a supervisor. Plaintiff's request was rebuffed with a promise that the information would be forwarded to a supervisor.  To Plaintiff's knowledge, no supervisor was ever contacted about his concerns and Plaintiff has never been contacted by a supervisor.

32.     Sun East's usual procedure when Plaintiff paid his Platinum Mastercard from his checking account was to move the money from Plaintiff's checking account to an account designated as "Reward Payment" or "S0040" or "S40" account, then to transfer the money from the S0040 account to the Mastercard account on the same day.

33.     Pursuant to the Plaintiff's direction on January 7, 2017, to pay $2,000 from his checking account to his Mastercard account, Sun East followed the first part of its regular procedure and deducted the $2,000 payment from Plaintiff's checking account and deposited it to his S0040 account.  Exhibit A.

34.     Thereafter, Sun East diverged from its regular procedure and opened a new Mastercard account in Plaintiff's name (which has a significantly lower credit limit and is not a Platinum account).  Sun East then transferred the entire balance of $4,201 from the Platinum Mastercard account to the new Mastercard account on January 10, 2017.  Exhibit B.

35.    The next day, January 11, 2017, Sun East credited the $2,000 that had been parked in the S0040 account to Plaintiff's new Mastercard account, leaving a balance of $2,201.28.

36.    A billing statement was issued for the new account on February 3, 2017, showing the payment and the new account balance of $2,201.28.  Exhibit B.

37.    Plaintiff continues to make payments on the new account as billing statements are received, lowering the balance.

38.    Notwithstanding the payments Plaintiff has made, and the actual account balance, Sun East continues to report to credit reporting agencies that Plaintiff has an outstanding balance of $4,201 on the original Platinum Mastercard account, which was charged off.   Sun East simultaneously makes inconsistent reports to various credit reporting agencies that the account has been charged off, *and* that it was closed in August 2016.

39.    Plaintiff disputed the Sun East reporting on his credit report with Trans Union, explaining that Sun East was reporting that he was in bankruptcy and other derogatory information which flowed from the inaccurate report of bankruptcy.

40.    On or about April 7, 2017, Trans Union mailed the results of its investigation to Plaintiff and indicated that the Sun East Reporting was "VERIFIED AS ACCURATE."  As a result, the Chapter 13 Bankruptcy notation remained on Plaintiff's Trans Union credit report. Exhibit C.

41.    As a credit reporting agency, Trans Union regularly deals with public reports such as bankruptcy court filings and dockets.

42.    Plaintiff has never filed for bankruptcy protection and his name does not appear on any bankruptcy docket.

43.     Trans Union knew or should have known that Plaintiff had never filed for bankruptcy protection and, therefore, any reports indicating that he had filed for bankruptcy protection and/or stemming from that misinformation are inaccurate.

44.     Trans Union had actual knowledge that the Sun East Reporting was inaccurate, yet it deliberately chose to ignore and permit the reporting of the derogatory information.

45.     Trans Union received Plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigation required by law.  Instead, Trans Union merely "parroted" the information dictated to it by Sun East.

46.     Upon information and belief, Plaintiff alleges that on one or more occasions Trans Union forwarded Plaintiff's disputes to Sun East.  Upon information and belief, Sun East was provided notice of Plaintiff's dispute and despite this notice failed and refused to investigate and correct its inaccurate reporting.

47.     Incredibly, Sun East issued to Plaintiff a 1099-C indicating that Plaintiff had been the recipient of a debt cancellation in the amount of $4,201.28 on October 26, 2016.   The Identifiable Event Code indicates that the cancellation was due to bankruptcy, notwithstanding that Sun East knows that the Plaintiff has not been in bankruptcy. Exhibit D.

48.     Sun East has never cancelled Plaintiff's debt in any amount.  Rather, Sun East transferred the account balance/debt of $4,201.28 from Plaintiff's Platinum Mastercard to his new Mastercard account and Plaintiff immediately paid $2,000 of that amount and continues to make payments on that debt.

49.     Sun East continues to report to at least two credit reporting agencies that Plaintiff's account balance remains $4,201 and that the account has been written off or charged off.

50.     Sun East has made several contradictory representations regarding the $4,201.28 debt, including that the account was closed in August 2016 (Trans Union report 8/2/2016, Equifax report); that it remains open with a $11,500 credit limit (Experian report); that it was charged off in October 2016 (Experian report); that is was cancelled on October 26, 2016 (1099-C); that the entire $4,201 was transferred to a new account on January 10, 2017 (credit card bill); that $2,000 of the $4,201 has been paid as of January 11, 2017 (credit card bill); that $4,201 is still owed on the original account as of March 27, 2017 (Experian report, Equifax report); and that the balance is $0 as of December 2, 2016 (Trans Union report); that $0 has been written off (Experian report).

51.     Despite all of these conflicting reports, Sun East has confirmed the accuracy of its reporting with all three credit reporting agencies in response to Plaintiff's disputes with each.

52.     Sun East's issuance of the 1099-C improperly imposes tax liability on Plaintiff.

53.     At all times, Sun East should have known that Plaintiff had not filed for bankruptcy protection.  Sun East had actual knowledge at least as early as January 3, 2017 and at all times after that Plaintiff had not filed for bankruptcy protection.

54.     All of Sun East's actions taken after January 3, 2017, were done with explicit knowledge that Plaintiff had not filed for bankruptcy protection.

55.     Having failed to have Sun East correct the inaccuracies in his credit report, Plaintiff was required to submit the derogatory information to his CSO as part of his annual security review.

56.     Due to the inaccurate derogatory information contained on his credit report, Plaintiff has been forced to forego certain opportunities including, but not limited to, the purchase of a new home and the application for transfer to a position in Florida.

57.     Due to the inaccurate derogatory information contained on his credit report, Plaintiff has experienced emotional and mental distress.

## V.     COUNTS

### COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (TRANS UNION)

58.     Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

59.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files that they published and maintained concerning the Plaintiff.

60.     Trans Union reported inaccurately and with actual knowledge of falsity that the Plaintiff had filed bankruptcy.

61.     As a result of the conduct, actions and inactions of Trans Union, the Plaintiff suffered actual damages including without limitation, by example only: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and loss of business and personal opportunities.

62.     Trans Union's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Trans Union was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

63.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (TRANS UNION)

64.     Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

65.     Trans Union violated 15 U.S.C. **§**1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

66.     As a result of the conduct, actions and inactions of Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and loss of business and personal opportunities.

67.     Trans Union's conduct, actions and inactions were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Trans Union was negligent entitling the Plaintiff to recover under 15. U.S.C. §1681o.

68.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §16810.

## COUNT THREE:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (TRANS UNION)

69.     Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

70.     Trans Union violated 15 U.S.C. §1681i(a)(2) by failing to provide lawful notification of the Plaintiff's dispute to Sun East and by failing to include all relevant information regarding the Plaintiff's disputes.

71.     As a result of the conduct, actions and inactions of Defendant Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and loss of business and personal opportunities.

72.     Trans Union's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

73.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR:  VIOLATION OF FAIR CREDIT REPPORTING ACT
### 15 U.S.C. §1681I(a)(4)
### (TRANS UNION)

74.     Plaintiff alleges and incorporates the paragraphs above as if fully set out herein.

75.     Trans Union violated 15 U.S.C. §1681I(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

76.     As a result of the conduct, actions and inactions of Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment,

humiliation and other emotional and mental distress, and loss of business and personal opportunities.

77.     Trans Union's conduct, actions and inactions were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

78.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15. U.S.C. §1681n and §1681o.

## COUNT FIVE:  VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)
## (TRANS UNION)

79.     Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

80.     Trans Union violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

81.     As a result of the conduct, actions and inactions of Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and loss of business and personal opportunities.

82.     Trans Union's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In

the alternative, Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C.

§1681o.

83.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n and §16810.

## COUNT SIX:  VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681S-2(B)(1)(A)
## (SUN EAST)

84.     Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

85.     On one or more occasions within the two years to the filing of this suit, by

example only and without limitation, Sun East violated the Fair Credit Reporting Act, 15 U.S.C.

§1682s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the Sun

East reporting.

86.     As a result of this conduct, action and inaction of Sun East, the Plaintiff suffered

actual damages including without limitation, by example only and as described herein on

Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation

and other emotional and mental distress, and loss of business and personal opportunities.

87.     Sun East's conduct, actions and inactions were willful, rendering Sun East  liable

for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

In the alternative, Sun East was negligent, entitling the Plaintiff to recover under 15 U.S.C.

§1681o.

88.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from Sun East in an amount to be determined by the Court pursuant to 15 U.S.C.

§1681n and §1681o.

**COUNT SEVEN:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681S-2(b) (1)(B)**
**(SUN EAST)**

89.     Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

90.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Sun East violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

91.     As a result of this conduct, actions and inactions of Sun East, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and loss of business and personal opportunities.

92.     Sun East's conduct, actions and inactions were willful, rendering Sun East liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Sun East was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

93.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from Sun East in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT EIGHT:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(C) and (D)**
**(SUN EAST)**

94.     Plaintiff alleges and incorporates the paragraphs above as if fully set out herein.

95.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Sun East violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the Sun East account within Plaintiff's credit file with Trans Union, Experian and Equifax without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

96.     As a result of this conduct, actions and inactions of Sun East, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional mental distress, and loss of business and personal opportunities.

97.     Sun East's conduct, actions and inactions were willful, rendering Sun East liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Sun East was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

## COUNT NINE: COMMON LAW NEGLIGENCE
## (SUN EAST)

98.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

99.     Sun East had the duty to act in good faith as a reasonably prudent person toward the Plaintiff under common law, as well as under the contracts and statutes at issue in this case.

100.     Sun East breached its duties of care by failing to act in good faith towards the Plaintiff by:

        a.     Issuing a 1099-C for a debt which it knew had not been cancelled;

      b.      failing to have reasonable procedures to ensure proper reporting of Plaintiff's credit information;

      c.      lowering his credit limit when it issued a new Mastercard to replace the Platinum Mastercard.

101.    Sun East's failure to act as a reasonably prudent person has caused Plaintiff to incur injuries and damages as set forth herein above, and he is entitled to his actual damages, nominal and compensatory damages, expectancy damages, costs and attorneys' fees, interest and whatever other relief this Court deems is just.

## COUNT TEN: COMMON LAW FRAUD
### (SUN EAST)

102.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

103.    Sun East's specific acts and omissions were knowing and intentional so as to induce the Plaintiff to pay the debt to transitional account labeled S0040 was then directed to his new Mastercard account, instead of paying to his original Platinum Mastercard.

104.    Sun East's specific acts and omissions were knowing and intentional so as to induce the Plaintiff to continue to make payments on the amount of the Platinum Mastercard balance which had then been transferred to the new Mastercard account.

105.    Sun East's specific acts and omissions were knowing and intentional so as to induce the Plaintiff to make payments on a debt which Sun East claims had previously been cancelled.

106.    Sun East never told Plaintiff that it was cancelling his debt or that it would claim on a 1099-C that an identifiable act had occurred on October 26, 2016 cancelling his debt.

107.    To the contrary, Sun East represented to Plaintiff in January 2017 that his debt was still due, requested payment from Plaintiff, and transferred the amount to a newly issued credit

card.   Thereafter, Sun East continued to issue billing statements and solicit payments from Plaintiff, and Plaintiff continues to make monthly payments.

108.    Additionally, Sun East continues to report to credit reporting agencies that Plaintiff owes the entire amount of the debt as it existed in July 2016, despite the fact that Plaintiff has made payments which reduce the amount by at least half.

109.    In issuing a 1099-C to Plaintiff on or about May 2017, Sun East represented to parties including the IRS that Plaintiff's debt had been cancelled on October 26, 2016.   This exposed Plaintiff to tax liability for the amount allegedly cancelled.

110.    Additionally, the improperly issued 1099-C represented that the debt had been cancelled due to Plaintiff's bankruptcy, by virtue of listing code "A" in box 6 (Identifiable event code).

111.    At the same time, Sun East was making a variety of inconsistent reports to credit reporting agencies regarding Plaintiff's debt.

112.    Sun East knew, however, that prior to the issuance of the 1099-C, Plaintiff had paid more than $2,000 of the debt on or about January 7, 2017.

113.    Additionally, Sun East knew that it had not cancelled the debt, but had instead transferred the entire amount to a newly issued credit card on or about January 10, 2017.

114.    Additionally, Sun East knew that Plaintiff had not filed bankruptcy and, therefore, the debt could not have been cancelled due to bankruptcy.

115.    If Plaintiff's debt had been cancelled as a result of bankruptcy, as indicated on the 1099-C, he would have been able to avoid tax liability by providing to the IRS information relating to the bankruptcy.   Because Sun East knew that Plaintiff had not filed bankruptcy, it also

necessarily knew that Plaintiff would not be able to substantiate the statement on the 1099-C that the debt had been cancelled as a result of bankruptcy.

116.    Sun East knew, therefore, that its false representations would expose Plaintiff to tax liability.

117.    Sun East knew that the debt had not been – and could not have been – simultaneously paid and cancelled.

118.    Sun East continued to issue bills to Plaintiff for the remaining balance on the debt and continues each month to collect payments on that debt.

119.    Sun East directly benefited from these fraudulent statements in that they were able to write off Plaintiff's debt while at the same time continuing to bill (including interest accruals) and collect payments on it.

120.    Plaintiff has been seriously damaged as a result of Sun East's fraud, and is entitled to his actual damages, nominal and compensatory damages, expectancy damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

**COUNT ELEVEN: INTENTIONAL MISREPRESENTATION**
**(SUN EAST)**

121.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

122.    Sun East's specific acts and omissions were knowing and intentional so as to induce Plaintiff to continue paying the debt which Sun East claims it had already cancelled due to (the alleged) bankruptcy.

123.    Sun East knew that the debt had not been cancelled due to bankruptcy.

124.    Sun East knew the debt had not been cancelled for any reason.

125.    Sun East knew that issuing the 1099-C information return would expose Plaintiff to tax liability.

126.    Nonetheless, Sun East intentionally continued to falsely represent that Plaintiff had been in bankruptcy and had a debt cancelled due to bankruptcy.

127.    At the time Sun East solicited and accepted Plaintiff's $2,000 payment for his Platinum Mastercard account, Sun East knew that it would not apply the amount to the Platinum Mastercard.

128.    These falsely represented facts were material, because they would have caused Plaintiff, a federal civilian employee subject to security clearance requirements, to report these false statements to his employer and to his CSO.   Additionally, these false representations endangered Plaintiff's employment and employability.

129.    Sun East knew the representations were false at the time they were made, and represented them to be true when in fact they were not.

130.    The false representations were made by Defendants intending that Plaintiff rely on them in filing his federal income tax returns and his security clearance disclosures.

131.    Plaintiff relied and acted on the Defendants' false representations.

132.    Plaintiff was harmed as a direct result of relying on the Defendants' false representations.

133.    Defendants directly benefited from these misrepresentations in that they were able to write off Plaintiff's debt while continuing to bill (including interest accruals) and collect payments on it.

134.    Plaintiff has been seriously damaged as a result of Sun East's misrepresentations, and is entitled to his actual damages, nominal and compensatory damages, expectancy damages,

punitive damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

## COUNT TWELVE: DEFAMATION
## (SUN EAST)

135.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

136.    Sun East made statements regarding Plaintiff's creditworthiness which were undeniably false when it issued a 1099-C which indicated both (a) that Plaintiff had been in bankruptcy and (b) that Plaintiff had had a debt cancelled by a creditor.

137.    Sun East made statements regarding Plaintiff's creditworthiness which were undeniably false when it reported (a) that he had been in bankruptcy; and (b) that his Platinum Mastercard account had been included in his bankruptcy.

138.    Sun East made statements regarding Plaintiff's creditworthiness which were undeniably false when it verified as true its report to Trans Union that Plaintiff was in bankruptcy.

139.    All of these false statements were defamatory in that they harm Plaintiff's reputation in the community and endanger his ability to obtain security clearance and consequently to continue his employment.

140.    The false statements were unprivileged and were made to a third party, *i.e.,* the IRS and Trans Union and others, including Plaintiff's employer.

141.    The nature of Plaintiff's employment requires the reporting and delivery of the statements to his employer and to his CSO.

142.    Sun East should have known at all times that these statements were false.

143.   Sun East actually knew since at least January 3, 2017 that the statements were false.

144.   Sun East acted with recklessness when it (a) issued the 1099-C; (b) reported that Plaintiff was in bankruptcy; (c) reported that Plaintiff's Platinum Mastercard account was included in his bankruptcy; and (d) verified as accurate the Trans Union report that Plaintiff was in bankruptcy, all of which it knew to be false and defamatory to Plaintiff and likely to cause him harm.

145.   Alternatively, Sun East acted negligently when it (a) issued the 1099-C; (b) reported that Plaintiff was in bankruptcy; (c) reported that Plaintiff's Platinum Mastercard account was included in his bankruptcy; and (d) verified as accurate the Trans Union report that Plaintiff was in bankruptcy, all of which it knew to be false and defamatory to Plaintiff and likely to cause him harm.

146.   Sun East's defamatory statements injured Plaintiff by causing damage to reputation, embarrassment, humiliation and other emotional and mental distress, including fear of his professional standing and ability to retain employment, and loss of business and personal opportunities.

147.   Plaintiff has been seriously damaged as a result of Sun East's actions, and is entitled to his actual damages, nominal and compensatory damages, expectancy damages, punitive damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

**WHEREFORE,** Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, for attorneys' fees and costs, for pre-judgment and post-judgment interest at the legal rate, and for such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

*/s/Mary Higgins*
Mary Higgins, DE ID No.: 4179
Mary Anne McLane Detweiler, DE ID No.: 3415
University Office Plaza
Commonwealth Building, Suite 201
260 Chapman Road
Newark, DE  19702
(ph) 302-894-4357
(fx) 302-525-6618
**mary.higgins@letsbelegal.com**
Attorney for Plaintiff Nathaniel Johnson

Dated: August 20, 2017